In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00389-CV
_____

IN RE COMMITMENT OF ROBERT BECKER

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 14-02-01837 CV

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Robert Becker as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Becker is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Becker challenges the admission of certain evidence. We affirm the trial court's judgment.

In issue one, Becker contends that, in accordance with Texas Rules of Evidence 403 and 705, the trial court should have excluded evidence on which the State's expert, Dr. Lisa Clayton, relied when forming her opinion of whether

1

Becker is a sexually violent predator. However, the record does not demonstrate that Becker objected to admission of this evidence on the basis of either Rule 403 or Rule 705. Accordingly, issue one is not preserved for appellate review. *See* Tex. R. Evid. 103(a)(1); *see also* Tex. R. App. P. 33.1(a); *In re Commitment of Day*, 342 S.W.3d 193, 197 (Tex. App.—Beaumont 2011, pet. denied).

In issue two, Becker challenges the admission of evidence regarding the Multidisciplinary Team ("MDT") screening process. During Clayton's testimony, the State asked if an evaluation was performed before Clayton's evaluation. Becker objected on grounds of speculation, which the trial court overruled. Clayton then testified that:

> I have -- from what I can review in the records, they've been -- they've gone through a sex offender treatment provider -- or SOTP evaluation by, I think, like a master's-level person.

Becker objected, arguing that Clayton is not an expert regarding the MDT process. The trial court overruled the objection and Clayton proceeded to testify regarding various aspects of the MDT process for determining whether a person has a behavioral abnormality. In closing arguments, the State mentioned that another evaluation, in which it was determined that Becker has a behavioral abnormality, was performed before Clayton's evaluation. According to Becker, Clayton's testimony and the State's argument "unfairly 'stacked the deck'" against him. This

2

argument was not presented to the trial court when Becker objected to Clayton's testimony. Because the trial objection does not comport with the complaint presented on appeal, issue two is not preserved for our review. *See In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 Tex. App. LEXIS 7819, at *7 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.) ("An issue on appeal must comport with an objection made at trial; otherwise, the appellate complaint is waived."). We affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 18, 2015
Opinion Delivered March 5, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.